IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH MARCO JACKSON, #202136,   :

    Plaintiff,                                        :

vs.                                                         :   Civil Action 17-0103-CG-MU

JEFFERSON DUNN, *et al.*,                   :

    Defendants.                                  :

## REPORT AND RECOMMENDATION

    Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983 while he was incarcerated at Holman Correctional Facility ("Holman"). His action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). At this time upon consideration of the proceedings, it is recommended that this action be dismissed without prejudice for failure to prosecute and to obey this Court's orders.

    On March 1, 2017, Plaintiff filed his complaint on this Court's § 1983 complaint form, which warns a plaintiff that if his address changes for any reason, he must advise the Court immediately of his new address in order to avoid the dismissal of his action for failure to prosecute and to obey the Court's order. (Doc 1 at 16). Plaintiff was given this warning again in the Court's orders dated April 5, 2017 (Doc. 4 at 3), and August 8, 2017 (Doc. 7 at 3). Nonetheless, the Court's December 21, 2018 order sent to him at Holman (Doc. 73) was returned to the Court with a notation on the envelope "Return to Sender Unclaimed Unable to Forward." (Doc. 75). Subsequent orders were also sent

to Plaintiff at Holman and were returned to the Court, with the last order's envelope bearing a notation on its return that Plaintiff had been released.  (Docs. 80, 87, 90). The Court verified this information by examining the website for the Alabama Department of Corrections, which showed that Plaintiff was not in its custody. (www.doc.state.al.us/InmatesSearch)(last visited April 15, 2019).  Since his release from incarceration, Plaintiff has not provided the Court with a new address even though he was warned on the complaint form and in the Court's orders that he must advise the Court of any change in his address in order to avoid the dismissal of his action.  Thus, it appears that Plaintiff has abandoned the prosecution of this action.

A court has the inherent authority to dismiss an action *sua sponte* for lack of prosecution through the powers vested in it to manage its affairs.  *Link v. Wabash R.R.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  A court has this power in order "to achieve the orderly and expeditious disposition of cases," *Link,* 370 U.S. at 631, 82 S.Ct. at 1389, by "prevent[ing] undue delays in the disposition of pending cases and … avoid[ing] congestion in the calendars of the District Court."  *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (citation and internal quotation marks omitted).

Due to Plaintiff's failure to comply with the Court orders and to prosecute this action, and upon consideration of the Court's inherent power and of alternatives that are available to the Court in light of Plaintiff's indigency and unavailability, it is recommended that this action be dismissed without prejudice as no other lesser sanction will suffice.  *Link,* 370 U.S. at 630, 82 S.Ct. at 1388-1389.  Moreover, the Court

is aware that Plaintiff's claim arose on November 9, 2016. (Doc. 1 at 4, 5). Therefore, should Plaintiff elect to re-file this § 1983 action in the future, his claim will be barred by the two-year statute of limitations for a § 1983 action. *Lufkin v. McCallum,* 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992). Thus, this action's dismissal without prejudice is effectively a dismissal with prejudice.

The Clerk is directed to send this Report and Recommendation to Plaintiff at the only address that he provided to the Court, Holman.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 17th day of April, 2019.

<u>/s/ P. BRADLEY MURRAY</u>
**UNITED STATES MAGISTRATE JUDGE**